IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN

| | |
|---|---|
| CECIL FRANCIS, | ) |
|           Petitioner, | ) |
| vs. | ) Civil No. 2018-58 |
| TERRY HYPEN, *et al.*, | ) |
|           Respondents. | ) |

## REPORT AND RECOMMENDATION AND ORDER

On August 17, 2018, petitioner filed a letter with the Court purporting to file suit against Attorney Terry Hypen and the Virgin Islands government. [ECF 1]. Concluding that the letter may constitute a "Petition for Relief from a Conviction or Sentence by a Person in State Custody" pursuant to 28 U.S.C. § 2254 but that it failed to comply with Rule 2 of the Rules Governing § 2254 Proceedings, the Court directed the Clerk of Court to provide petitioner with a copy of the proper forms for filing a § 2254 claim and a motion to proceed *in forma pauperis* ("IFP"). [ECF 3]. The Court ordered petitioner to file both forms no later than October 12, 2021, or risk having the matter dismissed without further notice. *Id.* On October 1, 2021, petitioner filed, *inter alia*, a letter in which he requested appointment of counsel. [ECF 6].[1] Thereafter, he submitted a completed form seeking permission to proceed IFP. [ECF 7]. Despite petitioner's failure to submit the proper § 2254 form, the Court will conduct an initial review of petitioner's filings pursuant to Rule 4 of the Rules Governing § 2254 Proceedings.

---

[1] Petitioner filed, *inter alia*, another copy of this letter on October 14, 2021. [ECF 8].

*Francis v. Hypen, et al.,*
Civil No. 2018-58
Page 2

Title 28, United States Code, § 2254(a), sets forth the following scope of review for federal habeas corpus claims:

> The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.

28 U.S.C. § 2254(a). Thus, to present a cognizable federal habeas corpus claim under § 2254, a state prisoner must allege that he is in custody (1) pursuant to a "judgment of a State court," and (2) in "violation of the Constitution or laws or treaties of the United States." *See* 28 U.S.C. § 2254(a).

Further, habeas petitioners who wish to challenge either their state court conviction or the length of their confinement in state prison must first exhaust state judicial remedies. 28 U.S.C. § 2254(b), (c); *Granberry v. Greer*, 481 U.S. 129, 133-34 (1987). To exhaust state judicial remedies, a Virgin Islands prisoner must present the Virgin Islands Supreme Court with a fair opportunity to rule on the merits of every issue raised in his federal habeas petition. 28 U.S.C. § 2254(b), (c); *Granberry*, 481 U.S. at 133-34. Moreover, to properly exhaust state court remedies a petitioner must allege, in state court, how one or more of his federal rights have been violated.[2] If petitioner raised his claims in the Virgin Islands Supreme Court, he must so specify.[3] "Exhaustion, however, is not a jurisdictional matter but a matter of comity." *Lee v. Stickman*, 357 F.3d 338, 341 (3d Cir.

---

[2] The United States Supreme Court in *Duncan v. Henry*, 513 U.S. 364 (1995) reasoned as follows: "If state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution." *Id*. at 365-66. For example, "[i]f a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him the due process of law guaranteed by the Fourteenth Amendment, he must say so, not only in federal court, but in state court." *Id*. at 366.

[3] "The habeas petitioner carries the burden of proving exhaustion of all available state remedies." *Lambert v. Blackwell*, 134 F.3d 506, 513 (3d Cir. 1997).

*Francis v. Hypen, et al.,*
Civil No. 2018-58
Page 3

2004). In other words, "[f]ederal courts need not defer to the state judicial process when there is no appropriate remedy at the state level or when the state process would frustrate the use of an available remedy." *Id.*

Significantly, the United States Court of Appeals for the Third Circuit has held that "inexcusable or inordinate delay by the state in processing claims for relief may render the state remedy effectively unavailable." *Lee*, 357 F.3d at 341 (quoting *Wojtczak v. Fulcomer*, 800 F.2d 353, 354 (3d Cir. 1986)). Determining whether a delay is excessive requires consideration of not just how much time has passed since petitioner filed his claim with the state's highest tribunal, but also the degree of progress that has been made in that court. *Lee*, 357 F.3d at 342. In addition, the court may also consider the degree to which "the petitioner's actions contributed to the delay." *Chamberlain v. Lamas*, 2013 WL 4787349, at *4 (E.D. Pa. Sept. 9, 2013) (citing *Wojtczak*, 800 F.2d at 355)). Once such inordinate delay has been established, the burden shifts to the state to demonstrate why the petitioner should still be required to exhaust his state court remedies. *Lee*, 357 F.3d at 341 (citing *Story v. Kindt*, 26 F.3d 402, 40 (3d Cir. 1994)).

Here, petitioner claims he was maliciously prosecuted and is currently being unlawfully detained. [ECF 1] at 3. According to petitioner, prosecutor Terry Hypen "did not have authority to try him because she was not sworn in." *Id.* Petitioner seeks $100 million in damages. *Id.* Petitioner fails, however, to provide any information—in either his initial or subsequent filings—regarding the issue of exhaustion. Thus, in this case, the Court is in no position to determine whether the local court system lacks an appropriate remedy, or whether the local process would "frustrate the use of an available remedy." *Lee*, 357 F.3d at 341. Further, although petitioner appears to allege that he is in custody pursuant to a judgment of the Superior Court of the Virgin

Islands, *see* [ECF 6-2] at 3-5, he fails to allege a "violation of the Constitution or laws or treaties of the United States." *See* 28 U.S.C. § 2254(a).

Finally, unless "the interests of justice so require," counsel is generally only appointed in section 2254 cases when there is an evidentiary hearing. *Bowen v. Palakovich*, 2010 WL 891238, at *1 (E.D. Pa. Mar. 8, 2010) (quoting 18 U.S.C. § 3006A(a)(2)). At this point in the proceedings, no evidentiary hearing has been scheduled. Further, petitioner has not demonstrated that the interests of justice require the appointment of counsel.[4]

Accordingly, it is ORDERED:

1. Petitioner's motion to proceed IFP [ECF 7] is GRANTED; and

2. Petitioner's motions for the appointment of counsel [ECFs 6, 8] are DENIED without prejudice.

Further, it is RECOMMENDED that Francis' petition be DENIED for failure to exhaust state court remedies and for failure to allege a violation of the Constitution or laws or treaties of the United States.

Any objections to this Report and Recommendation must be filed in writing within 14 days of receipt of this notice. Failure to file objections within the specified time shall bar the aggrieved party from attacking such Report and Recommendation before the assigned District Court Judge. 28 U.S.C. § 636(b)(1); LRCi 72.3.

**Dated**: January 19, 2022                    S\ _____
                                               **RUTH MILLER**
                                               United States Magistrate Judge

---

[4] Petitioner claims to be "mentally challenged," and unable to "read or write well." [ECF 6] at 2. However, his filings thus far are coherent and do not suggest a lack of understanding of the issues. *See Reese v. Fulcomer*, 946 F.2d 247, 264 (3d Cir. 1991), *cert. denied*, 503 U.S. 988 (1992) ("Factors influencing a court's decision [to appoint counsel in a habeas petition] include the complexity of the factual and legal issues in the case, as well as the pro se petitioner's ability to investigate facts and present claims.").