**DISTRICT COURT OF THE VIRGIN ISLANDS**
**DIVISION OF ST. THOMAS AND ST. JOHN**

| | |
|---|---|
| **CECIL FRANCIS,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) Case No. 3:18-cv-0058 |
| | ) |
| **TERRY HYPEN and GOVERNMENT OF THE** | ) |
| **VIRGIN ISLANDS,** | ) |
| | ) |
| **Defendants.** | ) |

**ORDER**

**BEFORE THE COURT** is the Report and Recommendation of the Magistrate Judge. (ECF No. 9.) The Magistrate Judge recommends that the Court deny Plaintiff Cecil Francis' petition pursuant to 28 U.S.C. § 2254. (ECF No. 1.) For the reasons stated below, the Court will adopt the Report and Recommendation.[1]

## I. FACTUAL AND PROCEDURAL BACKGROUND

On August 17, 2018, Plaintiff Cecil Francis ("Francis"), proceeding *pro se*, filed a letter with the Court which purported to file suit against Attorney Terry Hypen and the Government of the Virgin Islands for unlawful detention and malicious prosecution (ECF No. 1.) The Magistrate Judge determined that the letter constituted a "Petition for Relief from a Conviction or Sentence by a Person in State Custody" pursuant to 28 U.S.C. § 2254 but found that the motion did not "substantially follow" the current standard form as required under Rule 2 of the Rules Governing § 2254 Proceedings. (ECF No. 3.) Accordingly, the Magistrate Judge ordered the Clerk of Court to furnish Francis with the proper forms for filing a petition pursuant to § 2254 and a motion to proceed *in forma pauperis*. *Id.* The Magistrate Judge

---

[1] The Magistrate Judge also ordered that Francis' motion to proceed *in forma pauperis*, ECF No. 7, be granted, and that Francis' motions for the appointment of counsel, ECF Nos. 6, 8, be denied. "If no party objects to the magistrate judge's order regarding a nondispositive matter, the magistrate judge's order becomes binding 'unless the district court takes some action to overrule it.'" *Equal Emp. Opportunity Comm'n v. City of Long Branch*, 866 F.3d 93, 99 (3d Cir. 2017)(quoting *United Steelworkers of Am. v. N.J. Zinc Co.*, 828 F.2d 1001, 1005 (3d Cir. 1987)). No party objected to the Order. Therefore, the Order is now binding and the Court need not review it further.

*Francis v. Hypen et al.*
Case Number 3:18-cv-0058
Order
Page 2 of 4

further instructed Francis to file both forms no later than October 12, 2021, or risk having the matter dismissed without further notice. *See id.*

The form was sent via certified mail on August 28, 2021. *See* ECF No. 4. Francis has since filed two motions to appoint counsel and a motion for leave to proceed *in forma pauperis*. (ECF Nos. 6,7,8.) Francis did not submit a proper § 2254 form.

On January 19, 2022, the Magistrate Judge entered a Report of Recommendation, in which she conducted a review of Francis' filings, notwithstanding the lack of formal petition under § 2254. (ECF No. 9.) The Magistrate Judge recommended that the Court deny Francis' petition for failure to exhaust administrative remedies and for failure to allege a "violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A copy of the January 19, 2022 Report and Recommendation was sent to Francis' last known address on record via certified mail on October 5, 2022. *See* ECF No. 11. On October 20, 2022, the mailing was returned to the Office of the Clerk undelivered. *See* ECF No. 13.

## II. ANALYSIS

Litigants may make "specific written objections" to a magistrate judge's report and recommendation "[w]ithin 14 days after being served with a copy of the recommended disposition." *See* Fed. R. Civ. P. 72(b)(2); *see also* 28 U.S.C. § 636(b)(1) ("Within fourteen days after being served with a copy, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court."). When a party is served by mail pursuant to Fed. R. Civ. P. 5(b)(2)(C) ("A paper is served under this rule by . . . mailing it to the person's last known address—in which event service is complete upon mailing"), the 14-day time period within which a party may object to a magistrate judge's report and recommendation is extended to 17 days. *See* Fed. R. Civ. P. 6(d) ("When a party may or must act within a specified time after being served and service is made under Rule 5(b)(2)(C) (mail) . . . 3 days are added after the period would otherwise expire under Rule 6(a)."); *see also Pearson v. Prison Health Serv.*, 519 F. App'x 79, 81 (3d Cir. 2013) (explaining that when a party is served with a report and recommendation by mail, the period to file objections is 17 days). The time within which a party may make objections may be extended by the Court upon a timely motion for an extension of time demonstrating good cause for the

extension. *See* Fed. R. Civ. P. 6(b)(1) ("When an act may or must be done within a specified time, the court may, for good cause, extend that time . . . if a request is made, before the original time . . . expires.").

When a magistrate judge issues a report and recommendation, the Court is required to review *de novo* only those portions of the report and recommendation to which a party has objected. *See* Fed. R. Civ. P. 72(b)(3). When no objection to a magistrate's report and recommendation is made, or such an objection is untimely, the district court reviews the report and recommendation for plain error. *See Henderson v. Carlson*, 812 F.2d 874, 878 (3d Cir. 1987) ("While . . . [28 U.S.C. § 636(b)(1)] may not require, in the absence of objections, the district court to review the magistrate's report before accepting it, we believe that the better practice is for the district judge to afford some level of review to dispositive legal issues raised by the report."); *see also Tice v. Wilson*, 425 F. Supp. 2d 676, 680 (W.D. Pa. 2006) *aff'd*, 276 Fed. App'x 125 (3d Cir. 2008) (explaining that, by failing to object to a portion of a report and recommendation, the litigant "waived its right to have this Court conduct a *de novo* review," and that in those circumstances, "the scope of [the court's] review is far more limited and is conducted under the far more deferential standard of 'plain error' ").

Here, the Court sent a copy of the January 19, 2022 Report and Recommendation to Francis on October 5, 2022, via certified mail, to Francis' last known address on file. As such, the deadline for Francis to file objections to the Report and Recommendation was October 22, 2022. Although Francis apparently did not receive the mailing, all litigants have an obligation to keep the Court informed in any change in address. It is not this Court's obligation to seek out a litigant in order to properly provide that party with a copy of a court order. Once the Court has providing proof of mailing to the litigant's last known address on record, the Court's obligation has been satisfied. To date, Francis has not filed any objections to the Report and Recommendation nor has he provided any indication that his address has changed. Accordingly, the Court will review the Report and Recommendation for plain error.

To reject or modify a report and recommendation under plain error review, a district court must find "an 'error' that is 'plain' and that 'affects substantial rights.'" *United States v. Russell*, 134 F.3d 171, 181 (3d Cir. 1998) (quoting *United States v. Retos*, 25 F.3d 1220, 1228

*Francis v. Hypen et al.*
Case Number 3:18-cv-0058
Order
Page 4 of 4

(3d Cir. 1994)). "A 'plain' error is one that is 'clear' or 'obvious.'" *Gov't of Virgin Islands v. Lewis*, 620 F.3d 359, 364 (3d Cir. 2010) (quoting *United States v. Turcks*, 41 F.3d 893, 897 (3d Cir. 1994)).

After carefully reviewing the record and the Report and Recommendation for plain error, the Court does not find clear or plain error in any of the Magistrate Judge's factual or legal findings. The Court, therefore, will adopt the January 19, 2022 Report and Recommendation, will deny Francis' petition, and will dismiss the complaint.

Accordingly, it is hereby

**ORDERED** that the January 19, 2022 Report and Recommendation, ECF No. 9, is **APPROVED** and **ADOPTED** as an Order of this Court; it is further

**ORDERED** that the Complaint, ECF No.1, is **DISMISSED**; it is further

**ORDERED** that the Clerk of Court **SHALL CLOSE** this case; and it is further

**ORDERED** that a copy of this Order **SHALL** be served on Plaintiff Cecil Francis via first-class mail, return receipt requested.

**Dated:** November 14, 2022             */s/Robert A. Molloy*
                                          **ROBERT A. MOLLOY**
                                          **Chief Judge**